UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

            Plaintiff,                         **DECISION AND ORDER**

      v.                                  6:23-CV-06288 EAW

$51,231.00 UNITED STATES CURRENCY,

            Defendant.
_____

## INTRODUCTION

Plaintiff United States of America ("Plaintiff") brings an *in rem* action for the forfeiture of $51,231.00 United States currency (the "Defendant Currency") pursuant to 28 U.S.C. §§ 1345 and 1355(a). (Dkt. 4). Presently before the Court is Plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), and for an order of forfeiture. (Dkt. 10). For the reasons that follow, Plaintiff's motion is denied without prejudice.

## BACKGROUND

The following facts are taken from Plaintiff's amended verified complaint for forfeiture, which is the operative pleading. (Dkt. 4).

Since June of 2020, law enforcement has investigated narcotics trafficking occurring in the area of 12 Carl Street and 15 Carl Street in Rochester, New York ("12 Carl Street" and "15 Carl Street," respectively). (*Id.* at ¶ 4). Law enforcement identified John Gayden and Michele Brock Gayden (collectively "the Gaydens"), who are married, as the

leaders of the drug trafficking organization (the "DTO") operating at these addresses. (*Id.* at ¶¶ 5, 7).

John Gayden resides at 200 Seneca Manor Drive, Rochester, New York, ("200 Seneca Manor Drive") and law enforcement executed a search warrant at his residence on November 1, 2022. (*Id.* at ¶ 6). As a result, he was charged with Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c), Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g), and Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (*Id.*).

Michele Brock Gayden is one of the property owners of 12 Carl Street. (*Id.* at ¶ 13). Until approximately October 5, 2022, she resided with Marisol Suarez at 126 Baycliff Drive, Rochester, New York, ("126 Baycliff Drive"). (*Id.* at ¶ 7). Michele Brock Gayden had not been charged with any criminal violations at the time of the filing of the amended verified complaint. (*Id.*).

Marisol Suarez resides at 126 Baycliff Drive and is a member of the DTO. (*Id.* at ¶ 11). She resides with two minor children. (*Id.* at ¶ 16). She assists in day-to-day narcotics trafficking activities near 12 Carl Street and 15 Carl Street. (*Id.* at ¶ 11). Law enforcement also identified other individuals who are members of the DTO and participated in or assisted in the sales of controlled substances. (*Id.* at ¶¶ 8-10).

Law enforcement's investigation of the DTO for over two years, between June of 2020 and November 1, 2022, revealed that 12 Carl Street served as the primary location for most of the hand-to-hand sales of controlled substances and that 15 Carl Street was used as a "stash house." (*Id.* at ¶ 17; *see also id.* at ¶¶ 20-21, 33, 42-43). The Gaydens

traveled to Carl Street to collect proceeds from narcotics sales, to resupply 15 Carl Street, and to monitor drug sales by DTO members. (*Id.* at ¶¶ 17-19; *see also id.* at ¶¶ 30, 33-34, 37, 41, 51, 56-57). The investigation revealed that large amounts of heroin/fentanyl and cocaine, packaged for street level sales, have been distributed at 12 Carl Street and 15 Carl Street. (*Id.* at ¶ 4). Using confidential informants, law enforcement conducted over 40 controlled purchases of narcotics from sellers at the two addresses. (*Id.* at ¶ 22). Law enforcement concluded that neither of the Gaydens had gainful employment between June of 2020 and November 1, 2022. (*Id.* at ¶ 58).

Law enforcement conducted a search of 126 Baycliff Drive and concluded that Marisol Suarez, her minor child M.G., and Michele Brock Gayden stayed at the address. (*Id.* at ¶ 65).[1] The following items were recovered in a hamper located in the basement: a red cardboard box containing $33,544.00 in United States currency, photos of Michele Brock Gayden, and a receipt in her name; underneath the red cardboard box was a tan purse with $10,811.00 in United States currency; and underneath the tan purse was a black plastic bag containing $6,786.00 in United States currency. (*Id.*). Law enforcement also recovered the following items elsewhere in the house: $738.00 in United States currency from a tan purse behind a couch; $550.00 in United States currency from a box of soap located under a mattress; unused plastic Ziploc bags, two checkbooks in Marisol Suarez's name, and paperwork for Marisol Suarez in a bag in the foyer; a credit union checkbook

---

[1] Law enforcement also executed a search warrant at 200 Seneca Manor Drive, where John Gayden resided. (Dkt. 4 at ¶ 63). Numerous items were recovered, including a revolver, narcotics, and $8,920.00 in United States currency. (*See id.*).

for Marisol Suarez in a bag in the foyer; a phone and a tablet from a dresser in bedroom 1; paperwork for both M.G. and Marisol Suarez in the dining room; a pill bottle for Marisol Suarez in the kitchen; paperwork and car rental receipts in a black backpack in bedroom 2; mail and paperwork for Marisol Suarez in a dresser in bedroom 2; paperwork belonging to Marisol Suarez in a kitchen tote; prescription pill bottle belonging to Michele Brock Gayden from a couch in the living room; paperwork belonging to Michele Brock Gayden from a purse in the living room; keys and key chains to 126 Baycliff Drive; the title document to a 2011 Honda vehicle in Marisol Suarez's name; and keys to Michele Brock Gayden's red Ford Mustang in a purse on a couch. (*Id.*).

The seized currency consisted of the following denominations: 48 one hundred-dollar bills; 48 fifty-dollar bills; 1,855 twenty-dollar bills; 665 ten-dollar bills; 366 five-dollar bills; and 689 one-dollar bills. (*Id.* at ¶ 66).[2] The majority of the currency consisted of $20.00 bills which, based upon law enforcement training and experience, is significant because smaller denominations are more commonly used than other denominations in street-level drug trafficking. (*Id.* at ¶ 67).

While law enforcement was searching 126 Baycliff Drive, Angelique Suarez, Marisol Suarez's sister, arrived at the house. (*Id.* at ¶ 70). She told law enforcement that Michele Brock Gayden was staying at the address, where Marisol Suarez lived with her two children, and that no one else lived there. (*Id.*). When asked about the currency found

---

[2]    As discussed further below, the currency breakdown in paragraph 66 of the amended verified complaint is not consistent with either the identified amounts of currency set forth in paragraph 65, or the amount of the Defendant Currency.

at the house, Angelique Suarez said that her sister "would not have that type of money." (*Id.*). Law enforcement also searched the 2011 Honda vehicle, apparently at 200 Seneca Manor Drive, on November 1, 2022. (*See id.* at ¶ 69). A small amount of marijuana, a digital scale, a credit card issued to Marisol Suarez, and $870.00 in United States currency were found in the vehicle. (*Id.* at ¶ 69).

Putative claimant Michael Brock—Michele Brock Gayden's brother—filed a claim on or about February 23, 2023, in the administrative proceeding with the Bureau of Alcohol, Tobacco, Firearms and Explosives, asserting an interest in the Defendant Currency. (*Id.* at ¶¶ 12, 71). No other claims were filed. (*Id.* at ¶ 71).

## **PROCEDURAL HISTORY**

On May 24, 2023, Plaintiff filed the instant action. (Dkt. 1). Plaintiff filed an amended verified complaint (Dkt. 4), and the arrest warrant *in rem* was executed on the Defendant Currency on August 14, 2023 (Dkt. 6). Copies of the amended verified complaint for forfeiture, arrest warrant *in rem*, and direct notice of forfeiture action were served via regular and certified mail with return receipt on July 28, 2023, to John Gayden through his attorney, Michele Brock Gayden, putative claimant Michael Brock, Marisol Suarez, M.G.,[3] Angelique Suarez, and Irene Knight. (Dkt. 5; Dkt. 10 at ¶ 5; *see also* Dkt. 10 at ¶ 6; Dkt. 10-1). The arrest warrant *in rem* directs that "[a]ll persons asserting an interest in the defendant property and who have received direct notice of the forfeiture

---

[3] Plaintiff appears to have included the full name of Marisol Suarez's minor child in multiple filings in this action. (*See* Dkt. 5 at 1; Dkt. 8 at ¶ 5; Dkt. 10 at ¶ 5; Dkt. 12 at 1). Plaintiff is reminded of its obligations under Federal Rule of Civil Procedure 5.2(a)(3) to include only the minor's initials.

action must file a Verified Claim with the Clerk of this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, **thirty-five (35) days** after the notice is sent[.]" (Dkt. 3 at 1). It also states, "any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **twenty-one (21) days** after filing the claim[.]" (*Id.*). On August 1, 2023, Plaintiff posted a notice of civil forfeiture regarding the Defendant Currency on an official government internet site, www.forfeiture.gov, and it was posted for 30 consecutive days. (Dkt. 7; *see also* Dkt. 10 at ¶ 8).

On November 1, 2023, Plaintiff requested that the Clerk of Court enter default against the Defendant Currency pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 8; *see also* Dkt. 10 at ¶ 11). The Clerk entered default on December 12, 2023. (Dkt. 9; *see also* Dkt. 10 at ¶ 11).

On January 12, 2024, Plaintiff filed the instant motion for default judgment and order of forfeiture. (Dkt. 10). Both the motion and motion scheduling order were served on John Gayden through his attorney, Michele Brock Gayden, putative claimant Michael Brock, Marisol Suarez, M.G., Angelique Suarez, and Irene Knight via United States Postal Service regular mail on January 31, 2024 (Dkt. 12), and responses were to be submitted by February 20, 2024 (Dkt. 11). To date, the putative claimant has not filed a response to the motion.

**DISCUSSION**

I. <u>**Legal Standard**</u>

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," then "the clerk must enter the party's default." After the clerk enters the default, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "It is within the sound discretion of the District Court whether to enter a default judgment pursuant to Rule 55(b)(2), based on the assessment of the circumstances of the case and an evaluation of the parties' credibility and good faith." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citation omitted).

II. <u>**Forfeiture Action and Default**</u>

"In rem forfeiture actions are governed by Rule G of the Forfeiture Rules and the Civil Asset Forfeiture Reform Act of 2000 ('CAFRA')[.]" *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (footnote and citation omitted); *see* 18 U.S.C. § 983. "The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions also govern civil forfeiture claims." *Vazquez-Alvarez*, 760 F.3d at 197 n.3; *see* 18 U.S.C. § 981(b)(2); 21 U.S.C. § 881(b). "Because the Government brings an action for forfeiture in rem, the Court must also examine whether the Government complied with the requirements of the Supplemental Rules" in deciding whether to enter a default judgment. *United States v. a red Volvo tractor*, No. 6:23-CV-751 BKS TWD, 2024 WL 1345526, at *6 (N.D.N.Y. Mar. 29, 2024). For the reasons set forth below, the Court finds that Plaintiff

has not established compliance with the Supplemental Rules and that default judgment is accordingly not warranted.

Pursuant to Rule G(2)(c), the complaint must "describe the property with reasonable particularity[.]" Plaintiff has failed to comply with this requirement because it has provided three different dollar amounts in the amended verified complaint that seemingly could describe the subject property. The caption of this case specifies "$51,231.00" as the Defendant Currency. (Dkt. 4 at 1). Yet in the breakdown of the denominations of currency recovered at 126 Baycliff Drive, the total amounts to $53,469.00 (the sum of $4,800.00, $2,400.00, $37,100.00, $6,650.00, $1,830.00, and $689.00). (*Id.* at ¶ 66). Further still, in describing the locations and amounts of currency found at 126 Baycliff Drive, Plaintiff identifies $52,429.00 in currency (the sum of $33,544.00, $10,811.00, $6,786.00, $738.00, and $550.00). (*Id.* at ¶ 65). Plaintiff does not explain the discrepancy in these figures, nor how it calculated $51,231.00 as the amount of the Defendant Currency.[4] Accordingly, the Court finds that Plaintiff has not met its burden to "describe the property with reasonable particularity" in the amended verified complaint. *Cf. United States v. $18,395.00 in United States Currency*, No. CV 17-148, 2017 WL 6550484, at *3 (D.N.J. Dec. 21, 2017) (concluding that the government's verified complaint described the defendant currency

---

[4] Plaintiff also states that it found $870.00 in United States currency in Marisol Suarez's vehicle. (Dkt. 4 at ¶ 69). Plaintiff appears to assert that the vehicle was located at 200 Seneca Manor Drive, where John Gayden resided, at the time law enforcement searched it. (*See id.*). It does not appear that this currency is included in the Defendant Currency, but given the discrepancies in the currency figures that Plaintiff has offered, the Court is unclear on this point.

with reasonable particularity because it "describe[d] the amounts and form in which the money was received").

Furthermore, Rule G(4)(a)(ii)(A) requires that that the government describe the property to be forfeited with "reasonable particularity" in the published notice of the forfeiture action. *See United States v. Egan*, No. 10 Cr. 191 (JFK), 2011 WL 2022824, at *2 (S.D.N.Y. May 24, 2011) (citing Rule G(4)(a)(ii)). Here, the notice identified and described the Defendant Currency as "$51,231.00 U.S. Currency (23-ATF-003279) which was seized from John GAYDEN on November 1, 2022 at 126 Baycliff DR, located in Rochester, NY[.]" (Dkt. 7 at 2). However, the allegations set forth in the amended verified complaint demonstrate that the money seized from 126 Baycliff Drive was seized from Michele Brock Gayden, who resided at that address, not John Gayden. John Gayden did not live at 126 Baycliff Drive, nor does the amended verified complaint state that he was ever observed visiting that location or using it to store his belongings. Further, the locations in the house where the currency was found indicate that the seized money belonged to Michele Brock Gayden, rather than John Gayden. Most importantly, $33,544.00 was found in a red cardboard box containing photos of Michele Brock Gayden and a receipt in her name. (Dkt. 4 at ¶ 65). Given the location of this currency relative to items so clearly associated with Michele Brock Gayden, Plaintiff did not describe the property with "reasonable particularity" in the published notice when it stated that the Defendant Currency "was seized from John GAYDEN[.]" *See Egan*, 2011 WL 2022824, at *1-2 (notice failed to satisfy reasonable particularity requirement where it contained no reference to the entity that had custody of currency prior to its seizure). John Gayden was

at his residence at 200 Seneca Manor Drive on the date that the Defendant Currency was seized, and Plaintiff has offered no argument as to why the Defendant Currency belonged to him or could reasonably be described as having been seized from him. Accordingly, the Court finds that Plaintiff has not met its burden to "describe the property with reasonable particularity" in the published notice of this forfeiture action.

Because Plaintiff has not complied with the Supplemental Rules, it has not met its burden of demonstrating that it is entitled to a default judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment and for an order of forfeiture (Dkt. 10) is denied without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 17, 2024
       Rochester, New York